# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**ERNEST HOWARD**                                             **CIVIL ACTION**

**VERSUS**                                                    **NO. 20-610-SDD-SDJ**

**METROPOLITAN PROPERTY
AND CASUALTY INSURANCE
COMPANY**

---

## **NOTICE**

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report and Recommendation. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on July 9, 2021.

*[signature]*

**SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERNEST HOWARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-610-SDD-SDJ** |
| **METROPOLITAN PROPERTY AND CASUALTY INSURANCE COMPANY** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (R. Doc. 5) filed by Plaintiff, Ernest Howard. Defendant, Metropolitan Property and Casualty Insurance Company, filed an Opposition (R. Doc. 6). Having reviewed the parties' filings, as well as the applicable law, the Court **RECOMMENDS** that Plaintiff's Motion to Remand be **DENIED**.

**I.   BACKGROUND**

On March 21, 2019, Plaintiff was driving a car owned by Theodore Jones, when he was rear-ended by Shevasitti Flemons. Because Flemons was under-insured (R. Doc. 1-1 at 2), Plaintiff made a UM claim against Metropolitan Property, who provided UM coverage for the vehicle driven by Plaintiff. On October 1, 2019, Plaintiff's counsel "sent [a demand letter] to [Defendant] clearly advising that the value of [Plaintiff's] claim was well over $75,000.00." (R. Doc. 5-1 at 5); (R. Doc. 5-5). Defendant does not seem to contest receipt of this "pre-suit demand letter." (R. Doc. 6 at 10).

Plaintiff eventually filed suit in state court on March 21, 2020. (R. Doc. 1-1 at 1-3). The Complaint filed in state court is bare-bones. (R. Doc. 1-1 at 1-3). Indeed, Plaintiff pleads general

categories of damages and gives no indication of the amount of damages being sought or the type of injuries suffered. (R. Doc. 1-1 at 1-3) ("The collision caused [Plaintiff] to suffer severe personal injuries."). As the litigation proceeded in state court, Plaintiff sent Defendant a post-suit demand letter on August 14, 2020, in which Plaintiff demanded the "full policy limits of $250,000.00." (R. Doc. 1-2 at 2). Within 30 days of receiving this letter, Defendant removed the case to this Court based on diversity jurisdiction.

Following removal, Plaintiff filed the instant Motion to Remand (R. Doc. 5). Plaintiff does not dispute complete diversity between the parties, or that the amount in controversy is well over $75,000.00. Instead, Plaintiff contends that because the pre-suit October 1, 2019 demand letter "clearly advis[ed] that the value of Mr. Howard's claim was well over $75,000.00," Defendant should have removed the case within 30 days of "receipt of the original state court petition." (R. Doc. 5-1 at 1, 5). However, Defendant points out that, because the original state court Petition was bare-bones, pleading only general categories of damages and giving no indication as to the extent of Plaintiff's injuries or the amount being sought, it could not have triggered the 30-day clock for removal. Instead, it was only after the Petition, when Plaintiff sent an August 14, 2020 letter demanding the policy's $250,000 limit, that the 30-day removal clock began to run. As explained below, Defendant is correct.

## II.    LAW AND ANALYSIS

Typically, a notice of removal should "be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). But "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other

paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

With respect to the 30-day period from the defendant's receipt of the initial pleading, the Fifth Circuit has provided a bright line rule: "the first paragraph's thirty-day limit is triggered only when that pleading *affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." *Mumphrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013). If a plaintiff wants the 30-day period to run from the defendant's receipt of the initial pleading, a plaintiff should place in that pleading "a specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992).

The state court Petition in this action does not contain a specific allegation that damages are in excess of the federal jurisdictional amount. Moreover, its bare-bones nature precludes any finding that the amount in controversy was facially apparent.[1] And so, the 30-day period for removing the action was not triggered by service of the initial pleading, despite Plaintiff's urging to the contrary. And, as explained below, this remains true despite Defendant's receipt of the pre-suit demand letter indicating the amount in controversy exceeded $75,000.00.

With respect to triggering the 30-day time period from defendant's receipt "of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b)(3), the Fifth Circuit has held that the 30-day removal period is triggered only where jurisdiction is "unequivocally clear and certain" from

---

[1] "Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of the damages sought, does not provide sufficient information for the removing defendant to meet his burden of proving that the amount in controversy is satisfied under the 'facially apparent' test*." Davis v. JK & T Wings, Inc.*, 2012 WL 278728, at *3 (M.D. La. Jan. 6, 2012). Plaintiff's state court Petition did just that.

the document. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002). This Court has explained that the "standard for triggering removal upon a subsequent amended pleading, motion, order, or other paper, as provided in § 1446(b)(3), is at least as strict as the standard for triggering the 30 day period for removal based on an initial pleading, as provided in § 1446(b)(1)." *Daniel v. Lowe's Home Centers, LLC*, 2016 WL 6562073, at *4 (M.D. La. Oct. 11, 2016).

Here, Defendant argues that its Notice of Removal was timely filed within 30 days of receiving Plaintiff's August 14, 2020 Demand Letter, which sought the policy's limit of $250,000.00.[2] Plaintiff, however, argues that removal was triggered by receipt of the March 21, 2020 state court Petition because "from October 1, 2019, the date Plaintiff sent out his first demand in this matter, [Defendant] understood that the value at issue . . . was in excess of $75,000.00." (R. Doc. 5-1 at 4). For that reason, Plaintiff contends that Defendant's knowledge of the October 1, 2019 demand letter meant that the initial pleading triggered the 30-day removal period, despite the fact that the pleading gave no indication as to the amount in controversy. But Plaintiff is wrong.

In order for the October 1, 2019 demand letter to constitute 'other paper' sufficient to trigger the 30-day removal period, it must have been sent after the initial pleading in state court.[3] *See Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992) ("By its plain terms the statute requires that if an 'other paper' is to trigger the thirty-day time period of the second paragraph of § 1446(b), the defendant must receive the 'other paper' only after it receives the initial pleading."); *Elkins v. Bradshaw*, 2019 WL 2096126, at *3-4 (M.D. La. April 24, 2019) (pre-

---

[2] Neither side disputes that the August 14, 2020 letter meets the Fifth Circuit's 'unequivocally clear and certain' standard.

[3] To be clear, in order for Defendant's receipt of the Petition to have triggered the 30-day period for removal, the Petition itself—not the Petition coupled with Defendant's knowledge of the October 1, 2019 demand letter—must have made indicated that the amount in controversy exceeded $75,000.00. Because the Petition was bare-bones and gave no indication as to the amount in controversy, the case was not removable upon Defendant's receipt of the Petition. *See Chapman*, 969 F.2d 163-64.

suit demand letter indicating amount in controversy exceeded $75,000 did not mean that receipt of initial pleading, which gave no indication as to amount in controversy, started 30-day period of removal; instead, plaintiff's deposition taken after suit was filed triggered running of 30-day removal period). In *Chapman*, the Fifth Circuit held that removal was timely because the initial pleading did not reveal on its face that the amount in controversy was met, and because medical bills and a demand letter received *prior to* defendant's receipt of the initial pleading did not trigger the second 30-day period. *Chapman*, 969 F.2d at 164. Here, Plaintiff did not file suit until March 21, 2020. Therefore, the October 1, 2019 settlement demand provided before suit was filed was not "other paper" that could trigger the 30-day period found in § 1446(b)(3). Instead, Defendant did not receive "other paper" sufficient to trigger the 30-day period under § 1446(b)(3) until it received Plaintiff's post-suit demand letter on August 14, 2020. And because Defendant filed its Notice of Removal within 30 days of August 14, 2020, its removal was timely.

### III.   CONCLUSION

For the reasons given above, the Court **RECOMMENDS** that removal was timely and that Plaintiff's Motion to Remand (R. Doc. 5) be **DENIED**.

Signed in Baton Rouge, Louisiana, on July 9, 2021.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**